UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| Sherry Johnson,<br><br>      Plaintiff,<br><br>v.<br><br>Kenosha Unified School District,<br>Sue Savaglio-Jarvis, and<br>Shana Lewis<br><br>      Defendants. | CIVIL ACTION NO.<br>22-cv-269 |

**PLAINTIFF'S BRIEF IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS DEFENDANT LEWIS**

## INTRODUCTION

Contrary to the defense position, the Complaint alleges sufficient facts to support a claim against Defendant Attorney Shana Lewis for claims brought under 42 U.S.C. sec. 1983, deprivation of rights under color of law. After Lewis as the prosecuting attorney lost a public hearing, and learning that the school district found that complaints she advocated against Ms. Johnson were unfounded and not a basis to terminate her employment, Attorney Lewis then continued to act in concert with the District's superintendent, Defendant, Sue Savaglio-Jarvis. Attorney Lewis did not give legal advice to the Chief Human Resources Officer (CHRO), instead Lewis and Savaglio-Jarvis "forced the Chief Human Resources Officer to file the completely inaccurate and untrue License Review Referral

1

(referral)" claiming that Johnson resigned in the face of an immoral conduct charge. Fearing consequences for their scheme, Lewis and Savaglio-Jarvis concealed the referral from the board.

The Complaint states facts sufficient to allege Defendant Lewis engaged in a series of actions to retaliate and intentionally deprived Sherry Johnson of her civil rights and therefore the motion must be denied.

## FACTUAL BACKGROUND

After learning of an allegation by Johnson's co-worker, Wehr, Sue Savaglio-Jarvis approached the CHRO and forced the CHRO to file a charge of abuse of a disabled pupil against Johnson based by allegations of Johnson's co-worker who was upset about Johnson's compliance with the American's with Disabilities Act. (Doc. 1, Compl. ¶¶ 19-41.) They did so over the objections of the Chief Human Resources officer who advised the evidence did not support a just cause termination of Johnson's employment. (Id. ¶ 53.)

Defendant Lewis acted with District Superintendent Sue Savaglio-Jarvis to retaliate against Sherry Johnson for exercising her rights to a due process public hearing before the school board. (Id. ¶¶72-74, 82.) Superintendent Sue Savaglio-Jarvis was also motivated by potential negative reaction from the board from Lewis and Savaglio-Jarvis bringing bogus charges against Ms. Johnson. (Id. ¶ 71, 82.) The Board terminated Lewis and Savaglio-Jarvis when they learned of their conduct.

Shana Lewis and Sue Savaglio-Jarvis were not willing to accept the risk that Ms. Johnson could win her due process hearing and together they forced and

2

Case 2:22-cv-00269-BHL   Filed 06/16/22   Page 2 of 9   Document 14

coached the testimony of a district employee whose child is also disabled. (Id. ¶¶. 56, 65, 82. b.) Although the district employee refused to allow her child to be a subject in Ms. Johnson's due process hearing, Attorney Lewis ambushed the district employee in the public hearing and revealed confidential information about a district employee's family. (Id. ¶ ¶64.-66.) Attorney Lewis' conduct at the public hearing created substantial liability for her client who made a substantial settlement with their employee who could not return to work in such an "unethical and toxic environment" (Id. ¶ 67.) Attorney Lewis so traumatized the HRC by the public airing of her confidential information for the cynical purpose of retaliation against Johnson, the HRC never returned to normal employment for the District. (Id. ¶68.) The District made a substantial settlement with the HRC to resolve the HRC potential claims against the District for Superintendent Savaglio-Jarvis and Attorney Shana Lewis' use of the HRC's confidential information. (Id. ¶ 68, 82.)

After a due process hearing, Shana Lewis and Sue Savaglio-Jarvis attended the due process hearing. (Id. ¶ 63.) Shana Lewis and Sue Savaglio-Jarvis were unable to prove their allegations against Sherry Johnson and the School District "exonerated" Ms. Johnson. (Id. ¶¶ 63, 72, 82. e).) Sherry Johnson resigned as she had tried to do before the public hearing due to sham investigation and harm to her family her reputation and her special education pupils. (Id ¶ 54.)

Unhappy with the outcome of the hearing, Shana Lewis and Sue Savaglio-Jarvis used the District's employment power to threatened the Chief Human Resources Officer with termination if she did not file the bogus referral against the Plaintiff. (Id. ¶ 82 (e).) Shana Lewis told Plaintiff that Wis. Stat. § 115.31(3)(a)

3

required Sue Savaglio-Jarvis to file the bogus referral against Ms. Johnson's teacher's license. (Id. ¶ 78.) By forcing the CHRO to sign the referral the CHRO certified to the State of Wisconsin that Savaglio-Jarvis had "a reasonable suspicion that the resignation relates to [Ms. Johnson having engaged in immoral conduct". (Id.; Wis. Stat. § 115.31(3)(a).) In fact, Shana Lewis knew of her client's decision to exonerate Sherry Johnson. (Id.; Document 1, ¶ 63, 72, 82. (e).)

Shana Lewis and Sue Savaglio-Jarvis concealed from the District's board that they had filed the bogus referral. (Id. ¶ 82. (c), (e).)

When the District learned of Shana Lewis and Sue Savaglio-Jarvis' actions, the District's board conducted an investigation, which found that Shana Lewis and Sue Savaglio-Jarvis acted together to force: "the Chief Human Resources Officer to file the completely inaccurate and untrue License Review Referral the day following the hearing". (Id. ¶ 82 (c), (e).) Because of their conduct, the District separated from Shana Lewis and Sue Savaglio-Jarvis. (Id. ¶¶ 82 (c), 83.)

## ARGUMENT

### A. On a motion to dismiss the Plaintiff's and not the Defendant's facts prevail.

In answering a motion to dismiss a plaintiff is entitled to a "most favorable" examination of the complaint, accepting a plaintiff's well-pleaded facts, and drawing reasonable inferences in the plaintiffs' favor. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008); *McReynolds v. Merrill Lynch & Co.,* 694 F.3d 873, 879 (7th Cir. 2012).

4

The Defendants argue that the allegations do not support that Lewis was conspiring with other defendants but merely practicing law. This is an affirmative defense and not for consideration in a motion to dismiss.

Lewis argues that Wisconsin statutes required Sarviglio Jervis to file the complaint and she assisted that process. Put another way, for Lewis to prevail on her contention that she was merely practicing law, she would have to show that Lewis gave legal advice and did not conspire is the only possible inference from the complaint. At best Attorney Lewis has shown that her practicing law is a possible inference which does not satisfy a motion to dismiss.

**B. The Complaint alleges that Shana Lewis and Sue Savaglio-Jarvis acted together to deprive the Plaintiff of her due process rights.**

The complaint must show that the conspirators agreed to inflict injury upon Plaintiff; in other words, that they acted with a single plan, the general nature and scope of which was known to each conspirator. *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 263 (7th Cir. 1999); *Smith v. Bray*, 681 F.3d 888, 905 (7th Cir. 2012). Absent the testimony of a co-conspirator, it is unlikely that direct evidence of a conspiratorial agreement will exist. A plaintiff alleges a conspiratorial agreement if a jury can "infer from the circumstances (that the alleged conspirators) had a "meeting of the minds and thus reached an understanding". *Hampton v. Hanrahan*, 600 F.2d 600, 621 (7th Cir. 1979).

The formalities of an agreement are not necessary and are usually lacking since secrecy is the mark of a successful conspiracy. *United States v. Varelli* 407

5

F.2d 735, 741 (7th Cir. 1969).  Agreement may be inferred from circumstantial evidence, if the evidence is sufficient to permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives. *Green v. Benden*, 281 F.3d 661, 665-66 (7th Cir. 2002).  Repetition of illegal acts may prove a common understanding.  *Hoffman-La Roche, Inc. v. Greenberg*, 447 F.2d 872, 875 (7th Cir. 1971)

In this complaint, there are allegations that Attorney Lewis committed several acts in tandem with Savaglio-Jarvis to promote the conspiracy:

1) Refused to allow Ms. Johnson to resign; (Document 1 Compl., ¶ 53-56)
2) Forced the CHRO to file a bogus complaint to terminate Ms. Johnson; (Id.)
3) "Coached" the District's Human Resources Coordinator to give testimony and "directed the HRC on what testimony to provide to the board"; (Id. ¶ 82 (b).)
4) Made a special needs child of a district's employee a subject of Ms. Johnson's due process hearing against the will of the employee against the interests of her client; (Id. ¶ 82 (c), (d).)
5) Forced the CHRO to file a bogus referral against Ms. Johnson's teacher's license (Id. ¶ 82 (e).)

6

These allegations comprise a series of acts which form the basis of the allegations that the Defendants[1] retaliated against or deprived Ms. Johnson of her rights.

Attorney Lewis choice to publicly traumatize a district employee to buttress her argument to terminate Ms. Johnson, stands out as an example of an act without the assistance of Savaglio-Jarvis which shows Attorney Lewis was acting in furtherance of their common scheme to retaliate against Johnson for asking for a due process hearing.

Attorney Lewis was obviously aware that she could not act against her client's interest or their will as expressed by the decision at Ms. Johnson's due process hearing. Even then, she could have stopped. That Attorney Lewis chose to hide her conduct from her client is more than enough to infer a conspiracy. Therefore, there are enough allegations for a jury to infer that Savaglio-Jarvis and Lewis had a common purpose, namely, to retaliate against and deprive Johnson of her rights.

**C. Shana Lewis status as a lawyer is incidental to the conspiracy.**

Courts find attorneys liable for civil conspiracies especially when an attorney acts against their client's interests, violates professional ethics rules, or both. *Hartford Accident & Indem. Co. v. Sullivan*, 846 F.2d 377, 383 (7th Cir. 1988). Membership in the legal profession is not a shield against liability for conduct in excess of professional right or duty, see *Celano v. Frederick*, 54 Ill. App. 2d 393, 399-

---

[1] While Attorney Lewis is not a defendant to the retaliation claims, the complaint alleges that she participated in the retaliation claims as agent for the District.

400, 203 N.E.2d 774, 778 (1964); *Wahlgren v. Bausch & Lomb Optical Co.*, 68 F.2d 660, 664 (7th Cir. 1934); *Hartford* at 384.

In *Hartford*, the Defendant, an attorney, engaged in a series of frauds on a bank to obtain a client and later to personally enrich himself. The *Hartford* court found that Sullivans filing a fraudulent document to obtain a loan was an act in furtherance of a conspiracy and a potential violation of Illinois rules of professional conduct. (Id. at 378.)

Shana Lewis did not use her power as attorney to force the filing of the referral, she and Sue Savaglio-Jarvis used the district's employment power. (Dkt. 1 at ¶72, F.) Any reading of "forced the Chief Human Resources Officer to file the completely inaccurate and untrue License Review Referral the day following the hearing" in the Plaintiff's favor results in the inference that Shana Lewis was not practicing law because such conduct was contrary to her client's interests and her client's prior exoneration of Ms. Johnson of the abuse charges and because Lewis' concealed her conduct from the School Board. Despite the inappropriate gloss painted by Attorney Lewis, these actions are not pled as "advice to District personnel in her capacity as an attorney" nor can that be inferred from the allegations.

Attorney Lewis' actions in violation of her duty to her client was not legal advice. Where the Board President describes attorney Lewis' "advice" to her client as "unethical" (Id. ¶ 82 (d).) and "completely inaccurate and untrue" (Id. ¶ 82 (e).),

8

and her actions outing a district employee, not to mention filing the bogus complaint, this Court should not find the allegations in the compliant only support the inference that Attorney Lewis' claims was just practicing law.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that Defendants' motion be denied.

Dated this  day of , .

| | |
|---|---|
| Cross Law Firm, S.C.<br>The Lawyers' Building<br>845 North 11th Street<br>Milwaukee, WI 53233<br>Phone: (414) 224-0000<br>Fax: (414) 273-7055<br>Attorneys for Plaintiffs | Respectfully submitted,<br>**CROSS LAW FIRM, S.C.**<br>On behalf of Plaintiff<br>By:  s/ Ben Hitchcock Cross<br>Ben Hitchcock Cross (#1066395)<br>bchc@crosslawfirm.com |